Bbinkerhore, C.J.
The main question made in the case, and which, in our view is decisive of it, is one of corporate power, viz: had this railroad company legal power and authority to make such an appropriation as was sought by and adjudged to it ?
The eighth section of the charter of the Belpre and Cincinnati Railroad Company, under which this company is acting (43 O. L. 280), provides,
“That said company shall have the right to enter upon any land, to survey, lay down and construct said road, and take any materials necessary to the construction and repair of the same; and whenever any lands or materials shall be taken for the construction of said work, and the same shall not be given or granted to said company, and the owners thereof do not agree with said company as to the compensation to be paid therefor, the person or persons claiming compensation, *231 or their agents, etc., may select for themselves an arbitrator,” etc.
The mode of proceeding contemplated in the charter has been superseded by subsequent legislation under the new constitution; but the powers of the company have been thereby in no way either restricted or enlarged.
.The 10th section of the same charter provides that “ said corporation shall have power to locate and construct branched roads from the main road to any towns or places in the several counties through which, the said road may pass.”
Whether this company has accepted the provisions of the act of May 1,1852, “ to provide for the creation and regulation of incorporated companies in the State of Ohio ” (3 Cur-wen’s Rev. Stat. 1877), we are not advised. If it has, it is authorized, by section 10 of that act, “ to enter upon any land for the purpose of examining and surveying its railroad line, and may appropriate so much thereof as may be deemed necessary for its railroad, including necessary side tracks, der pots and workshops, and water-stations, materials for construction, except timber, a right of way over adjacent lands sufficient to enable such company to construct and repair its road,” etc.
These, so far as we can ascertain, are all the statutory provisions having any bearing upon the question before us.
There is no rule more familiar or better settled than this : that grants of corporate power, being in derogation of common right, are to be strictly construed; and this is especially the case where the power claimed is a delegation of the right of eminent domain — one of the highest powers of sovereignty pertaining to the State itself, and interfering most seriously, and often vexatiously, with the ordinary rights of property. Now, in the light of this rule, let us compare the appropriation here sought to be made with the powers granted. The “ work,” that is, the road, contemplated by the charter, is a permanent thing; the lands to be taken for it, it is evident, were designed to be taken permanently, once for all. No such thing as a temporary appropriation of land is, in the charter, expressly mentioned, nor does it anywhere *232 seem to have entered the mind of the legislature. The appropriation of land “ for the construction of the work ” had already been made on the north side of the town, when this temporary appropriation on the south side was attempted. This appropriation did not seek either land or material for the construction of the work which was going forward on the north side of the town. It was not designed as a “ branched road from the main road to any town or place,” nor a “ side ^rack;” but was intended to serve, for the time being, as a substitute for the main track, until the same should be completed. No “ materials ” were to be obtained from it, so far as appears, nor was it intended as a medium for the transportation of material for the construction of the road. It was not a “ way to enable the company to construct its road,” but as a temporary substitute for such road.
We think that by no fair, and much less by any strict construction of the powers granted to this corporation, can the appropriation claimed be brought within them. And, for want of power in the company to make the appropriation which it claimed, the case ought to have been dismissed by the probate court, and its judgment and rulings ought to have been reversed by the common pleas.
Judgment of probate court and court of common pleas reversed, and proceeding in probate court dismissed.
Scott, Sutlief, Peck and Gholson, JJ., concurred.